**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| DAMIEN ALEXANDER PHILLIPS,<br>Plaintiff,<br>v.<br>NEVADA DEPT. OF CORRECTIONS, *et al.*,<br>Defendants. | Case No. 3:24-CV-00293-ART-CLB<br>**ORDER**<br>[ECF Nos. 38, 45, 47] |

Currently pending before the Court are three motions filed by Plaintiff Damien Alexander Phillips ("Phillips"): (1) motion to stay restitution payments, (ECF No. 38); (2) motion for summary judgment to stay restitution, (ECF No. 45); and (3) motion to correct the motion for summary judgment by changing it to a default judgment. (ECF No. 47.) For the reasons stated below, all three motions are denied.

## I. MOTION FOR RESTITUTION PAYMENTS

The Court will first address Phillips's motion to stay restitution payments. In the motion, Phillips alleges he was "falsely adjudicated" of assault and battery of a correctional officer on February 28, 2024. (ECF No. 38.) Phillips explains he was penalized by having to pay restitution payments, among other disciplinary actions. (*Id.* at 1.) Phillips then cites to the case *United States v. Zastrow*, No. 3:22-CR-00327, 2024 WL 3558363, at *1 (M.D. Tenn. July 26, 2024), for the standard for considering a motion to stay restitution payments. (*Id.*)

Defendants responded, arguing *Zastrow* is inapplicable in this case because it is a criminal case and does not constitute binding authority upon the Court. (ECF No. 48.) Defendants further argue that Phillips's motion still fails under the *Zastrow* standard. (*Id.*)

First, the Court agrees that *Zastrow* does not apply in this situation. *Zastrow* involves application of Federal Rule of *Criminal* Procedure 38, which does not apply in civil cases such as this one. Therefore, Phillips's motion fails for that reason alone.

However, even if the Court considers Phillips motion as a motion for injunctive relief under the *civil* standard, his motion still fails. A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Evans v. Shoshone-Bannock Land Use Policy Com'n*, 736 F.3d 1298, 1307 (9th Cir. 2013) (citing *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 24 (2008)). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id*. (quotation marks and citation omitted). The instant motion requires the Court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id*. at 20 (citations omitted).

An even more stringent standard is applied where mandatory, as opposed to prohibitory preliminary relief, is sought. "A mandatory injunction orders a responsible party to take action," while "[a] prohibitory injunction prohibits a party from taking action and preserves the status quo pending a determination of the action on the merits." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 878-79 (9th Cir. 2009) (internal quotation marks and alteration omitted). An award of mandatory preliminary relief is not to be granted unless both the facts and the law clearly favor the moving party and extreme or serious damage will result. *See Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (citing *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994).

Here, Phillips cannot establish he will face *irreparable* harm because the harm is being forced to pay restitution, and if ultimately successful on his claims, he can be reimbursed for any payments already made. Defendants also argue that because Phillips only has $0.41 in his trust account, he is not currently making any payments whatsoever. Moreover, Phillips is seeking a mandatory injunction because the status quo involves him currently making restitution payments, and he seeks that the payments be stopped. *Marlyn Nutraceuticals,* 571 F.3d at 878-79. There is clearly no extreme or serious damage that will result in his payment of restitution, as the money could clearly be

refunded. Therefore, a mandatory injunction cannot be granted. *Garcia*, 786 F.3d at 740.

For all of these reasons, Phillips's motion to stay restitution payments is denied.

**II. REMAINING MOTIONS**

The Court will next address the remaining motions. Phillips first filed a "motion for summary judgment" on his motion to stay restitution, (ECF No. 45), and then a motion to "correct" the motion for summary judgment to a motion for default. (ECF No. 47.) First, the Court notes that Phillips's motion for summary judgment it not actually a motion seeking summary judgment, but rather a motion seeking the Court grant his motion to stay restitution payments "as unchallenged" because Defendants did not timely respond to his motion. (*See* ECF No. 45.) This conclusion is supported by Phillips's motion to correct the motion for summary judgment to a motion for default judgment. (ECF No. 47.) In seeking to amend his motion to be for default judgment, Phillips appears to conflate filing a *pleading* with filing a response to a motion. (*See* ECF No. 47 at 2.) Defendants would not be subject to a default judgment for failing to respond to a *motion*. Phillips also appears to be requesting that the Court grant his motion as *unopposed* under the Court's Local Rules. LR 7-2(d) ("failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion.")

The Court issued an order on October 15, 2026, granting Defendants a *sua sponte* extension of their deadline to respond until October 21, 2026. (ECF No. 44.) This was a valid exercise of the Court's inherent authority to manage its docket. *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (citations omitted). Defendants' response was filed on October 21, 2026, making it a timely response. (ECF No. 46.) Therefore, the Court denies Phillips's motions for summary judgment, (ECF No. 45), and motion to correct the motion for summary judgment, (ECF No. 47), because the motion was not unopposed.

///

///

///

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Phillips's motion to stay restitution payments, (ECF No. 38), motion for summary judgment to stay restitution, (ECF No. 45), and motion to correct the motion for summary judgment by changing it to a default judgment, (ECF No. 47), are **DENIED**.

**IT IS SO ORDERED**.

**DATED**: November 2, 2026.

______________________________
**UNITED STATES MAGISTRATE JUDGE**